UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:04-CV-224-R

HENRY DAVID GRINTER                                                                                   PLAINTIFF

v.

CHAD KNIGHT, et al.                                                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on remand from the United States Court of Appeals for the Sixth Circuit for the limited purpose of considering the motion of Plaintiff, Henry David Grinter, *pro se*, to file a belated appeal (DN 11).  The Court will grant Plaintiff's motion.

**I.**

This Court entered a final, separate order on July 14, 2005, dismissing without prejudice the equal-protection and excessive-force claims for failure to allege exhaustion of his administrative remedies, under 42 U.S.C. 1997e, and dismissing with prejudice the remainder of the complaint for failure to state a claim, under 28 U.S.C. § 1915A(b).

In an undated letter, file-stamped August 15, 2005, Plaintiff asks the clerk of court to send him a copy of the "docket sheet, status, orders, reasons" and advises that his legal aide was transferred to another institution on July 29, 2005, misplacing or taking the case records with him.  In response, on August 15, 2005, the clerk mailed a copy of the docket sheet to Plaintiff.

In an undated letter, file-stamped August 18, 2005, Plaintiff requests a copy of the order entered July 14 "in order to file appeal," explaining that the institutional legal office misplaced or lost the complaint and order.  The clerk mailed a copy of the order to Plaintiff.

In a pleading signed September 8, 2005, Plaintiff files a "Petition to Grant Belated Appeal," attaching a copy of the July 14th order.

## II.

The Federal Rules of Appellate Procedure permit an extension of time for filing an appeal if two requirements are met. Fed. R. App. P. 4(a)(5).

First, the moving party must request an extension no later than 30 days after expiration of the time for filing a notice of appeal. Fed. R. App. P. 4(a)(5)(A)(i). The deadline for filing a notice of appeal in a civil case is 30 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a)(1)(A). When a separate document sets forth an order denying all relief, entry occurs when the order is entered in the civil docket. Fed. R. Civ. P. 58(a); Fed. R. App. P. 4(a)(7)(A)(ii).

Here, the clerk entered the order dismissing on July 14, 2005. The thirty-day time period expired Monday, August 15, 2005.[1] Any motion for an extension, therefore, must have occurred no later than September 14, 2005. Plaintiff's first mention of his intent to file an appeal appears in an undated letter, file-stamped August 18, 2005.[2] Plaintiff's motion for a belated appeal, in turn, bears a signature date of September 8, 2005 and a file-stamped date of September 12, 2005. Each date falls within the requisite 30-day time period.

Second, the moving party must show excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(ii). Plaintiff explains that at the relevant time he resided in solitary confinement while his inmate legal aide resided in the general prison population. Plaintiff states he did not

---

[1] The 30th day actually falls on a Saturday, passing the deadline to Monday, Aug. 15, 2005. Fed. R. App. P. 26(a)(3).

[2] A premise of this opinion is the conclusion that Plaintiff's notice of appeal is untimely. It bears mention that on August 15, 2005, the clerk received Plaintiff's first letter. But, because it fails to express any intent to appeal, it is unlikely the letter can be construed as a notice of appeal, even allowing informality of form and title. *See* Fed. R. App. P. 3(c)(1), (4).

2

receive notice of the order dismissing because his inmate legal aide was transferred to another institution and took the order with him.  Plaintiff states he was unaware of the transfer and the order dismissing until after expiration of the 30-day deadline for filing a notice of appeal.

The Court therefore concludes that Plaintiff's neglect of the deadline for filing a notice of appeal is excusable. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for a 30-day extension within which to file an appeal (DN 11) is **GRANTED**, pursuant to Fed. R. App. P. 4(a)(5).

Dated:

cc:     Plaintiff, *pro se*
        Clerk, United States Court of Appeals, Sixth Circuit

4413.007